UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ANDREW AND MEGAN REES,

    Plaintiffs-Appellants,

v.

MARILYN MARSHALL,

    Defendant-Appellee.

Case No. 19-cv-3004

Judge John Robert Blakey

# MEMORANDUM OPINION AND ORDER

This appeal arises from the bankruptcy court's dismissal of the Rees' Chapter 13 bankruptcy case and subsequent denial of the Rees' Rule 60(b)(6) motion to vacate that dismissal. [16] at 1.[1] Defendant-Appellee Marilyn Marshall argues that the bankruptcy court properly exercised its discretion in denying the Rees' motion to vacate. [19] at 1.

As explained further below, this Court cannot find the bankruptcy court abused its discretion and, accordingly, the bankruptcy court's denial of the Rees' motion is affirmed.

---

[1] References to this Court's docket and the bankruptcy court's docket will be noted as "[docket number]" and "Bankr. Dkt." respectively. References to the exhibits attached to Plaintiff-Appellant's brief will be noted by the appendix page numbers appearing at the end of the briefing material, as "[16] App. [page number]." This Court takes judicial notice of matters of public record, such as filings in the bankruptcy court, even where not specifically referenced by the parties. *See e.g.*, *United States v. Wood*, 925 F.2d 1580, 1582 (7th Cir. 1991).

I.  **Background**

Plaintiffs-Appellants Andrew and Megan Rees are a married couple who voluntarily filed for Chapter 13 bankruptcy in March 2014.  Bankr. Dkt. 1.  At that time, the Reeses scheduled $427,459.00 in secured creditors' claims and $58,310.00 in unsecured creditors' claims.  *Id*. at 8, 15, 20.  Of those unsecured creditors, the Reeses owed $18,025.00 and $10,627.00 for two Chase credit cards.  *Id*. at 19.  But Chase failed to file claims in the bankruptcy case, *see* Claims Register, meaning that if the Reeses successfully completed their five-year Chapter 13 plan, those debts would be discharged without payment.  Originally, the plan required the Reeses to pay their unsecured creditors 30.1% of the unsecured creditors' outstanding claims.  Bankr. Dkt. 58.  The bankruptcy court, however, later modified the plan and required them to pay 93.78% of what they owed to the general unsecured creditors based upon the amount of general unsecured claims that filed a proof of claim.  [16] App. 7.

Throughout the course of their bankruptcy, the Reeses experienced several financial setbacks including: switching jobs, falling behind on their mortgage, auto repairs, fixing their roof, and getting their daughter braces.  Bankr. Dkt. 96 at 3–5.  Eventually, the Reeses fell behind on their debt plan, and on October 26, 2018, the Trustee filed a motion to dismiss the bankruptcy case.  Bankr. Dkt. 83.  The bankruptcy court granted the Trustee's motion on February 26, 2019.  Bankr. Dkt. 92. Shortly following the bankruptcy court's dismissal, however, the Reeses obtained the funds to payoff their entire case (and thus they hoped to receive a discharge after the deadlines set forth in their debt plan).  Bankr. Dkt. 96 (Ex. 3); [16] App. 8.  For

that reason, they filed a motion for relief from judgment under Federal Rule of Civil Procedure 60(b)(6). Bankr. Dkt. 96. Following oral argument on the Rees' motion, the bankruptcy court orally issued a ruling denying their motion. Bankr. Dkt. 97. The Reeses now appeal the bankruptcy court's denial of their motion for relief from judgment. [16].

## II. Legal Standard

This Court has jurisdiction to hear appeals from the rulings of the bankruptcy court under 28 U.S.C. § 158(a). On appeal, this Court reviews denial of a motion under Federal Rule of Civil Procedure 60(b) for abuse of discretion. *Castro v. Bd. Educ. of City of Chi.*, 214 F.3d 932, 934 (7th Cir. 2000) (explaining that because the decision of whether to grant relief under rule 60(b) is discretionary, the appellate court's review must be "extremely deferential").

## III. Analysis

Rule 60(b)(6) permits the court to grant relief from judgment for any reason that justifies relief. Fed. R. Civ. P. 60(b)(6).[2] This rule attempts to strike a delicate balance between ensuring finality in judgments and ensuring that justice is done. *Shuffle Tech Int'l, LLC v. Wolff Gaming, Inc.*, 757 F.3d 708, 711 (7th Cir. 2014). Moreover, although "the application of Rule 60(b) in general calls for extraordinary circumstances, the application of Rule 60(b)(6) in particular calls for circumstances that are particularly extraordinary." *Pollack v. Rosalind Franklin Univ.*, No. 04 C 5613, 2006 WL 3783418, at *6 (N.D. Ill. Dec. 20, 2006). Finally, on appeal, this Court

---

[2] The Federal Rule of Bankruptcy Procedure 9024 incorporates Rule 60 to bankruptcy proceedings.

3

reviews the denial of a Rule 60(b)(6) motion for "abuse of discretion only–meaning the universe of cases that will qualify for relief on appeal is tinier still." *In re Taylor*, 575 B.R. 390, 394 (N.D. Ill. 2017).

As relevant here, the Reeses contend that the bankruptcy court erred in both its factual determinations and in applying the law. [16] at 8. They argue the bankruptcy court: (1) failed to holistically give weight to the other material factors of their case such as the fact that they stayed in their bankruptcy case for 58 out of 60 months and have the money to pay off all claims; (2) failed to consider the financial hardships that would befall the Rees if their bankruptcy case was dismissed such as Chase refiling its claims; and (3) created bad precedent by denying them relief. [16] at 8–9.

To analyze the Rees' claim, this Court will examine the bankruptcy court's reasoning. In explaining its decision, the bankruptcy court stated:

> I mean, the standard under Rule 60(b)(6) is you have to show the most extraordinary of circumstances. And what you have here are circumstances that are not extraordinary. In fact, they're very ordinary. As you know, cases are dismissed all the time because debtors don't make their plan payments. They then frequently file motions to vacate the dismissal, and they come in and say, well, we've got the money now. So these aren't extraordinary circumstances. These are ordinary circumstances.

[16] App. 4. In evaluating this decision, it is clear the bankruptcy court employed the correct legal standard by considering the totality of the circumstances and weighing whether those facts constituted extraordinary circumstances warranting vacating the dismissal. Thus, the bankruptcy court did not make a legal error. *See Corp. Assets,*

4

*Inc. v. Paloian*, 368 F.3d 761, 767 (7th Cir. 2004) (describing abuse of discretion as when a court's decision "is premised on an incorrect legal principle").

As to the bankruptcy court's factual determinations, this Court cannot say it abused its discretion. The bankruptcy court weighed the evidence, which also included hearing the Rees' counsel's arguments and responding to them, and ultimately made the factual determination that the facts were not extraordinary under Rule 60(b)(6). [16] App. 4–6. Furthermore, given that the bankruptcy court determined that facts failed to make the case exceptional, its concern that granting the Reeses relief would create bad precedent was well-founded. While this Court remains sympathetic to the Rees' situation and the effort they made to properly resolve their bankruptcy case, this Court may not overrule a reasonable exercise of discretion based upon a bankruptcy court's plausible account of the evidence. *McKnight v. U.S. Steel Corp.*, 726 F.2d 333, 335 (7th Cir. 1984) ("An abuse of discretion in denying a 60(b) motion is established only when no reasonable person could agree with the ruling; there is no abuse of discretion if a reasonable person could disagree as to the propriety of the court's action.").

In sum, because the Reeses failed to show the bankruptcy court's determination was unreasonable, the decision of the bankruptcy court cannot be overturned.

## IV.  Conclusion

For the foregoing reasons, the decision bankruptcy court is affirmed.

Dated: February 10, 2020

                          Entered:

                          _____
                          John Robert Blakey
                          United States District Judge